COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Cornelius Milan Harper v. The State of Texas

Appellate case number:      01-14-00641-CR

Trial court case number:    11-DCR-056513

Trial court:                434th District Court of Fort Bend County

On July 5, 2015, the court reporter filed fifteen volumes of the reporter's record. On July 21, 2015, appellant filed a motion to abate, asserting that the fifteen volumes of the reporter's record filed on July 5, 2015 are "unintelligible." "In several volumes, the speakers are not identified and there are indications that the Court Reporter could not or did not transcribe portions of the proceedings." Appellant requests that the "case be abated so that the Court Reporter can correct the fifteen volumes submitted after the filing deadline had already passed."

Based on appellant's contentions, it appears that there may be inaccuracies in the reporter's record or a portion could be lost or destroyed. *See* TEX. R. APP. P. 34.6(e)(2), (3), (f). Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Fort Bend District Attorney's Office, appellant's counsel, Kristen Jernigan, and the court reporter, Rachel L. Gamez, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to:

---

[1]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

(1) Determine whether any testimony, argument, or proceedings from the trial of this cause have been inaccurately recorded in the reporter's record filed with this Court on July 5, 2015;

(2) If testimony, argument, or proceedings from the trial of this cause have been inaccurately recorded in the reporter's record on file with this Court, determine whether the testimony, argument, or proceedings was or were stenographically or otherwise recorded and whether the court reporter is able to prepare, certify, and file a transcription of the testimony, argument, or proceedings;

(3) If any portion of the trial proceedings has been inaccurately recorded in the reporter's record on file with this Court but can be prepared, certified, and filed by the court reporter, order the court reporter to prepare, certify and file a supplemental reporter's record containing the missing or inaccurate portions of the trial proceedings, and provide a deadline for filing the supplemental record of no later than 30 days from the date of the abatement hearing in the trial court;

(4) If any portion of the trial proceedings has been inaccurately recorded from the reporter's record on file with this Court and cannot be prepared, certified, and filed in a supplemental reporter's record, determine:

    a. Whether the lost or destroyed portion of the reporter's record is necessary to the appeal's resolution; and

    b. Whether the lost or destroyed portion of the reporter's record can be replaced by agreement of the parties;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. GOV'T CODE ANN. § 52.046 (West 2013); TEX. R. APP. P. 13.1(a), 34.6(a)(1), (d), (e)(2), (3), (f), 35.3(b), (c).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 30 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record, the reporter's record of the hearing, and the supplemental reporter's record, if any, are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ Harvey Brown
                      ☒ Acting individually    ☐ Acting for the Court


Date: August 13, 2015